UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Christopher Young, ) | Civil Action No. 9:19-3073-BHH |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **Opinion and Order** |
| Argos USA, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Christopher Young's ("Plaintiff") motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59, the Court's October 26, 2020[1] Opinion and Order ("motion for reconsideration"), as well as Plaintiff's first and second motions to amend the complaint. (ECF Nos. 14, 16, 19.) For the reasons set forth below, the motion for reconsideration (ECF No. 14) is denied, and the motions to amend the complaint (ECF Nos. 16 & 19) are denied as moot.

## BACKGROUND

In its October 26, 2020 Opinion and Order ("Order"), the Court set forth in detail the factual allegations that formed the basis of this action (ECF No. 12 at 1–3), and the Court assumes familiarity therewith. On July 5, 2019, Plaintiff filed his complaint against Defendant Argos USA, LLC ("Defendant" or "Argos") in the Court of Common Pleas for the County of Jasper, South Carolina alleging claims for (1) wrongful discharge in violation of public policy, (2) defamation, (3) retaliatory discharge in violation of the False Claims Act ("FCA"), and (4) abuse of process. (ECF No. 1-2.) Defendant timely removed the

---

[1] For ease of reference, the Court refers to the Opinion and Order by the date it was entered on the docket, October 26, 2020, though the ruling is dated October 23, 2020. (*See* ECF No. 12 at 11.)

1

complaint to this Court and filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF Nos. 1 & 3.) The Court granted Defendant's motion to dismiss and entered judgment in Argos' favor. (ECF Nos. 12 & 13.)

The undersigned found that Argos' alleged defamatory statements in a complaint it filed against Plaintiff in the United States District Court for the Northern District of Georgia ("Georgia Action") "enjoy absolute privilege and cannot serve as the basis for Plaintiff's defamation claim." (ECF No. 12 at 6–7.) Moreover, the Court dismissed Plaintiff's defamation claim premised on Argos' alleged defamatory statements in trade publications for failing to identify "(1) who allegedly made the defamatory statements; (2) when the statements were made; (3) how the statements were made; (4) the 'trade publications' in which the statements were published; or (5) the substance of the alleged statements." (*Id.* at 7.)

The Court dismissed Plaintiff's FCA retaliation claim for failing to "plausibly allege facts to support the second and third elements" of such a claim, namely, that Argos knew of Plaintiff's protected activity and took adverse action against him as a result. (*Id.* at 7–8.) Specifically, the Court found that Plaintiff's unsupported claim that Argos gained access to the *qui tam* complaint before it was unsealed—without specifying "who gained access, when such access was obtained, or how the access came about"—was insufficient to properly allege Argos' knowledge of Plaintiff's protected activity. (*Id.* at 8.) The Court further found that Plaintiff's conclusory allegation that Argos terminated him in July 2016 in retaliation for his protected activity lacked any factual support, required an unsupported inference of causal connection, and was undercut by the year-and-a-half delay between the administrative closure of the *qui tam* action and Plaintiff's termination.

2

(*Id.*)

With respect to Plaintiff's claim for wrongful discharge in violation of public policy, the undersigned found the claim was "indisputably based on the same allegations as his FCA retaliatory discharge claim," and was therefore subject to dismissal under South Carolina law because a public policy discharge claim is proper only when a plaintiff has no available statutory remedy. (*Id.* at 5 (citing, *inter alia*, *Heyward v. Monroe*, 166 F.3d 332, 1998 WL 841494, *4 (4th Cir. 1998) (applying South Carolina law and holding public policy discharge claim was not allowed where employee had remedy under Title VII)).) The Court also concluded that Plaintiff's public policy discharge claim was subject to dismissal on the independent basis that it failed to adequately allege such a claim because the complaint did "not allege that Argos required him to violate the law as a condition of his employment, or that his termination was itself a violation of criminal law," which are prerequisite conditions for such a claim. (*Id.* at 6 (citing *Lawson v. S.C. Dep't of Corr.*, 32 S.E.2d 259, 260–61 (S.C. 2000)).)

Lastly, the Court dismissed Plaintiff's abuse of process claim because he did not adequately allege the "ulterior purpose" element or the "willful act" element necessary to state such a claim. (*Id.*) The Court found that Argos' filing of a complaint alleging misappropriation of trade secrets in the Georgia Action did "not amount to the type of collateral extortion or coercion necessary to substantiate the ulterior purpose element of a claim for abuse of process," and did not constitute an "unreasonable, unauthorized, or illegitimate action outside the normal bounds of litigation." (*Id.* at 10–11.)

In his motion for reconsideration, Plaintiff asks the Court to set aside its dismissal of his defamation, FCA retaliation, and abuse of process claims. (*See* ECF No. 14.)

Defendant filed a response in opposition. (ECF No. 15.) Plaintiff's first and second motions to amend the complaint are also fully briefed. (ECF Nos. 16–20.) The matter is ripe for disposition and the Court now issues the following ruling.

## STANDARD OF REVIEW

A court may grant a motion to alter or amend under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citation and quotation marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The Fourth Circuit Court of Appeals has stated that "mere disagreement" with the district court's ruling does not support a Rule 59 motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Moreover, "Rule 59 motions should not be used to rehash issues already ruled upon because a litigant is displeased with the result." *Ridgeway v. Stevenson*, 2011 WL 1466325, at *2 (D.S.C. Apr. 15, 2011) (citing *Hutchinson*, 994 F.2d at 1082).

## DISCUSSION

In the motion for reconsideration, Plaintiff fails to mention, much less adequately show, any of the limited and extraordinary circumstances justifying relief under Rule 59(e). This failure alone is fatal to Plaintiff's motion. *Taylor v. Amason*, No. 2:13-CV-3449-RMG, ECF No. 98 (D.S.C. Oct. 14, 2015) (denying motion for reconsideration under Rule 59(e) for failing to address any of the rule's requirements). Moreover, even a cursory

4

review of the motion reveals that it simply rehashes arguments this Court has already considered and rejected, attaches documents that were neither part of Plaintiff's complaint nor support any actionable claims, and provides no basis for the Court to reconsider its decision.

As to the defamation claim, Plaintiff's motion repeats the complaint's insufficient allegations and asks the Court to find a plausible defamation claim where none exists. (ECF No. 14 at 3–5.) Plaintiff relies on a June 22, 2018 Concrete Products article (ECF No. 14-3)—which is attached to his motion, but which was not an exhibit to his complaint—as evidence of defamation in a "trade publication." First, the article is dated more than a year before Plaintiff filed his complaint, and Plaintiff has not provided any "legitimate justification for not presenting [the article] during the earlier proceeding," *Pac. Ins. Co.*, 148 F.3d at 403 (citation and quotation marks omitted), so the article cannot be considered "new evidence" under the Rule 59(e) standard. Second, the article is nothing more than a trade publication's independent and accurate summary of Argos' allegations in the Georgia Action, and it does not contain any independent statements by Argos that could conceivably be considered defamatory. As the Court explained in its Order of dismissal, Argos' allegations in the Georgia Action enjoy absolute privilege. (ECF No. 12 at 6–7.) A trade publication's summary of privileged allegations cannot serve as the basis for a defamation claim. *See e.g.*, *Padgett v. Sun News*, 292 S.E.2d 30, 33 (1982) (holding there can be no defamation claim based on articles accurately reporting the contents of public court pleadings).

With respect to the FCA retaliation claim, the Court previously identified the complaint's failure to "identify the decision-maker who fired Plaintiff, whether that

5

individual had knowledge of the *qui tam* action, or how that individual allegedly had such knowledge." (ECF No. 12 at 8.) Rather than identify any clear error in the Court's decision, Plaintiff's motion relies on the same irrelevant e-mail and the same unsupported inferences that the Court already considered and rejected in Plaintiff's response to the motion to dismiss. (*Compare* ECF No. 14 at 5–7 and Ex. 2, *with* ECF No. 6 at 6–7 and Ex. 1.) However, "mere disagreement" with the Court's prior ruling cannot support Rule 59 relief. *Hutchinson*, 994 F.2d at 1082.

Regarding the abuse of process claim, Plaintiff's assertion that Argos initiated the Georgia Action to harass and intimidate him does not adequately plead such a claim. In the Order of dismissal, the Court concluded that "the mere filing of a complaint alleging misappropriation of trade secrets" is not an abuse of process. (ECF No. 12 at 10.) Plaintiff's motion provides no reason for the Court to reconsider this conclusion. (*See* ECF No. 14 at 7–8.)

Finally, Plaintiff requests that "if the Court is not inclined to set aside its dismissal of this action that the Court provide Plaintiff an opportunity to amend his complaint in the spirit of FRCP Rule 1[.]" (*Id.* at 8–9.) The Court declines to revisit its decision to dismiss this action *with prejudice*. The deficiencies in Plaintiff's claims are fundamental and no amount of repleading will save them. *See e.g.*, *Cecala v. NationsBank Corp.*, 40 F. App'x 795, 798–99 (4th Cir. July 12, 2002) (affirming dismissal with prejudice where, as here, the plaintiff "utterly fail[ed] to identify any acts in support of" her claims (quotation marks omitted)). Accordingly, Plaintiff's motions to amend the complaint are moot.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 14)

6

is DENIED, and his motions to amend the complaint (ECF Nos. 16 & 19) are DENIED AS MOOT.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 20, 2021
Charleston, South Carolina